IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HOLLIDAY SAND & GRAVEL COMPANY, INC., AS SUCCESSOR TO HOLLIDAY SAND & GRAVEL COMPANY, LLC; AND ASH GROVE AGGREGATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AXIS INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, NEW YORK MARINE AND GENERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. 4:21-00060-CV-RK |

## ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendant Zurich American Insurance Company's ("Zurich") motion to strike or make more definite statement as to four of Plaintiff Holiday Sand & Gravel's ("Holiday") affirmative defenses.[1] (Doc. 21.) The motion is fully briefed. (Doc. 22, 30, 31.) After careful consideration the motion is **GRANTED**.

### Background

On January 29, 2021, this case was removed to this Court. On February 5, 2021, Zurich filed its answer and counterclaim against Holiday. On February 26, 2021, Holiday filed its answer and affirmative defenses to Zurich's counterclaim. Then, on March 17, 2021, Zurich filed the present motion to strike four of Holiday's affirmative defenses. The affirmative defenses Zurich seeks to strike are: (2) waiver, estoppel laches, and/or unclean hands; (4) no right of recoupment; (7) bad faith and vexatious refusal to pay; (8) failure to mitigate.[2]

---

[1] The Court acknowledges the subject of the current Order is Zurich's counterclaim and Holiday's affirmative defenses to said counterclaim. For ease, the Court will refer to Zurich as Defendant and Holiday as Plaintiff.

[2] The numbers listed refer to the numerical listing of affirmative defenses as found in Holiday's answer and affirmative defenses.

## Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

## Discussion

The crux of the arguments here is whether the *Iqbal*/*Twombly* standard of pleading applies to affirmative defenses. This Court has held the standard does apply. *Serv. Mgmt. Grp., LLC v. YouGov Am., Inc.*, No. 4:18-00819-CV-RK, 2020 WL 9171205, at *2 (W.D. Mo. Apr. 23, 2020); *see also Cope*, 2017 WL, No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *2 (W.D. Mo. Apr. 18, 2017) (citing cases). After a review of the affirmative defenses, the Court agrees with Zurich that Holiday's affirmative defenses are insufficiently pled. Holiday merely lists their affirmative defenses without any specific facts. Even if the factual basis for said defenses could be found in the Complaint, such does not relieve Holiday of the responsibility of tying specific factual allegations with the specific defenses pled. Because motions to strike are viewed with disfavor, the Court will grant Zurich's motion to a make more definite statement as to Holiday's affirmative defenses. Holiday will be granted fourteen days to replead its affirmative defenses.

## Conclusion

Accordingly, and after careful consideration, the Court **GRANTS** Zurich's motion to strike or make more definite Holiday's affirmative defenses. Holiday shall replead its affirmative defenses within fourteen days of this Order. Failure to do so may result in the Court striking the affirmative defenses with prejudice.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 2, 2021